UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NADIA PADMORE,

          Plaintiff,

    – *against* –

REMARKABLE FOODS
HOSPITALITY, LLC,

          Defendant.

**OPINION & ORDER**

25 Civ. 7250 (ER)

RAMOS, D.J.:

Nadia Padmore brought suit against her former employer, Remarkable Foods Hospitality, LLC ("Remarkable Foods"), pursuant to the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), New York State Human Rights Law, and New York City Human Rights Law. Doc. 1. The parties moved for approval of their settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015), on March 18, 2026. Doc 26. The Court denied the motion without prejudice on April 3, 2026, because it concluded that the settlement agreement contained an overbroad release provision. Doc. 27 at 5–7. The Court found that the remaining provisions of the agreement were otherwise fair and reasonable. *Id.* at 2–3.

The parties filed a revised settlement agreement for approval on April 21, 2026. Doc. 29. Unlike the previous agreement, the revised agreeement appropriately narrows the release provision such that Padmore solely discharges Remarkable and certain of its affiliates (the "Released Parties")[1] from her wage-and-hour claims under the FLSA and NYLL, along with the the remaining claims in this action. Doc. 29 at 2. The Released Parties also agree to discharge Padmore "of and from any and all claims, debts, obligations or liability whatsoever, whether known or unknown, that they have or may

---

[1] The agreement defines this term to include Remarkable, "its parents, subsidiaries, affiliates, and related entities and all of their respective agents, attorneys, employees, officers, directors, shareholders, members, managers, employee benefit plans and fiduciaries, insurers, successors, and assigns." Doc. 29 at 2.

have against [her], as of the date of execution of th[e] [revised a]greement." *Id.* The Court concludes that this mutual release provision is fair and reasonable. *See Gonzalez v. Chestnut Holdings of New York, Inc.*, No. 25-CV-00753 (ER), 2025 WL 3287023, at *3 (S.D.N.Y. Oct. 2, 2025) (approving a settlement agreement with a similar release provision). The remaining provisions—which the Court already concluded were fair and reasonable—remain unchanged.

The motion for settlement approval is therefore GRANTED. The Clerk of the Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:    April 22, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

2